## BEERS *vs.* REYNOLDS & MAGINNIS.

According to the true construction of the statute relative to limited partnerships, (2 *R. S. 3d ed.* 52, § 24,) in the case of a dissolution of such a partnership, by act of the parties, before the expiration of the term for which the partnership was formed, the notice of such dissolution must not only have been filed and recorded, pursuant to the directions of the statute, but the full period of publication must also have elapsed, before the partnership can be considered to be dissolved. The partnership continues until the notice has been published for four weeks.

The notice thus prescribed, is similar in its nature to that by which the special partnership may be created; the period for which the partnership was to continue has been made known to the public, by the filing of the original certificate, and its publication in the newspapers. The notice thus given, the statute allows the parties to retract, by another notice made public in a similar manner; and until the provisions of the statute, respecting this second notice, have been complied with, the public are authorized to rely upon the terms of the first notice.

Where, during the continuance of a special partnership, the special partner sold out his interest in the concern to the general partner, for a sum exceeding the amount of the capital he had placed in the business, and for the price of his interest so sold, received a security, pledging to him all the personal property of the partnership: *Held,* That this, in effect, amounted to a withdrawal, by him, of the capital he originally contributed to the copartnership: That he had secured to him that which, by the copartnership, he had contributed in cash, and without security, to be employed in the business, and to stand as indemnity to those who should deal with the partnership; and that the transaction was, in effect, an alteration of the capital of the partnership; and the consequence prescribed by the statute ensued, viz.: if the business was carried on, he was thereafter liable as general partner.

An account is to be considered liquidated from the time it is rendered, if objections are not made to it.

For the omission, by either partner, to pay a debt justly due by the partnership, *it seems* the other partner still continues liable, even after dissolution of the partnership.

Beers *v.* Reynolds.

In July, 1847, the defendants, Reynolds & Maginnis, entered into a limited partnership, pursuant to the statute, under the name of James Maginnis. Reynolds, as special partner, contributed the sum of $1000 to the capital of the firm. The business to be carried on by the partnership was that of drapers and tailors, at Lockport, and the partnership was to continue for two years from its commencement. The plaintiff dealt with the firm. On the 17th day of April, 1848, before the expiration of the term fixed for the continuance of the partnership, the defendants dissolved their partnership, and filed a certificate of such dissolution, in the county clerk's office of Niagara county, their business having been solely conducted at Lockport, in said county, and caused the notices required by the statute to be published in the Niagara Courier, a newspaper printed and published at Lockport, and also in the state paper ; the publication commencing in the Niagara Courier on the first publication day of that paper after filing notice of dissolution ; and in the state paper on the 20th April, 1848, which was as soon after the 17th of April, as the publication could be procured.

On the 17th day of April, a letter directed to James H. Beers was put in the post office at Lockport, notifying him of the dissolution. Reynolds sold out his interest to Maginnis for the sum of $1500, and at the time of the dissolution a chattel mortgage was given by Maginnis to Reynolds, dated April 17, 1848, to secure the said sum of $1500, mortgaging the personal property which had belonged to the firm, and also the personal property which belonged to Maginnis individually ; and on the same day, a judgment for $3000 debt, and $22,60 costs was entered up in the supreme court, on a bond and warrant of attorney, bearing date that day, in favor of Reynolds, against Maginnis. On the 23d day of April, 1847, James H. Beers and George W. Beers, copartners in business in New-York city, under the firm of James H. Beers & Son, sold to James Maginnis a bill of goods. The partnership of Beers & Son was afterwards dissolved, and the interest of George W. Beers therein, and in the property thereof, assigned to James H. Beers, the present plaintiff, who brought this suit to recover the amount of said bill, and sought to

make Reynolds personally responsible therefor, on the ground that he had violated the provisions of the statute relative to limited partnerships, and was therefore, liable as general partner.

The cause was tried at the Niagara circuit, in December, 1849, before MULLETT, justice, and a jury ; and a verdict was given for the plaintiff; the defendant excepted to the charge of the judge, and, upon a bill of exceptions, the case came before the court.

The judge charged the jury that the transactions of 17th April, 1848, between the defendant Reynolds and Maginnis, consisting of the sale to Maginnis, by Reynolds, of the partnership property, and the giving the chattel mortgage, and judgment, was a violation of the statute in relation to limited partnerships, and made Reynolds liable, as a general partner, as to all the creditors of the firm at the time, and as to all who became creditors of the firm afterwards, without notice of the dissolution, without reference to the intent with which the dissolution took place, and the chattel mortgage and judgment were taken.    That if the plaintiff at the time he sold the bill of goods to Maginnis, had actual notice of the dissolution of the special partnership, then he was not entitled to recover, as against the defendant Reynolds.    And that the plaintiff, if entitled to recover, was entitled to recover interest on the account for which the suit was brought, from the time the account was presented to Maginnis.    Other propositions contained in the charge, were not made the subject of observation on the argument of the bill of exceptions.

*N. Dane Ellingwood*, for the plaintiff.

*L. F. Bowen*, for the defendant Reynolds.

*By the Court*, KING, J.    The first question presented in this case is, whether the special partnership between the defendants, Reynolds & Maginnis, is to be considered as existing, or dissolved, at the time of the sale, by the plaintiff to Maginnis, of the goods for the recovery of the price of which this action is brought.

Beers *v.* Reynolds.

The special partnership, by its terms, was to continue from the 16th day of July, 1847, until the 16th day of July, 1849. On the 17th day of April, 1848, the defendants filed and had recorded in the proper office, a notice of the dissolution of their partnership; and notice of the dissolution was published in the newspapers, and for the period required by the statute; the publication of such notice commencing, in the newspaper printed in the county where the defendants transacted business, on the first day such paper was published, after the filing of the notice in the county clerk's office; and in the state paper, as soon as the notice could be received by such paper, after the day it had been filed in the county clerk's office; but at the time the plaintiff made the sale to the defendant, the notice had not been published for the full period of four weeks, required by law.

The statute relative to *limited partnerships,* (2 *R. S. 3d ed. p.* 52, § 24,) is in these words: "No dissolution of such partnership by the acts of the parties, shall take place previous to the time specified ·in the certificate of its formation, or in the certificate of its renewal, until a notice of such dissolution shall have been filed and recorded in the clerk's office in which the original certificate was recorded, and published once in each week for four weeks, in a newspaper printed in each of the counties where the partnership may have places of business, and in the state paper."

It seems to me that this statute will admit of but one construction—that in the case proposed, of a dissolution, by act of the parties, before the expiration of the term for which the partnership was formed, the notice must not only have been filed and recorded, but the full period of publication must also have elapsed, before the partnership can be considered to be dissolved:  that the partnership continues until the notice has been published for four weeks.

The notice thus prescribed is similar in its nature to that by which the special partnership may be created. The period for which the partnership was to continue, has been made known to the public, by the filing of the original certificate, and its publication in the newspapers; the notice thus given, the statute

allows the parties to retract, by another notice made public in a similar manner; and until the provisions of the statute, respecting this second notice have been complied with, the public are authorized to rely upon the terms of the first notice.

In this case, the sale was made by the plaintiff, to Maginnis, before the notice of the dissolution of the firm of Reynolds & Maginnis had been published for the period required by the statute; and was, consequently, made whilst the special partnership continued in full force, according to the terms of its creation.

The next question is, whether the mortgage, and confession of judgment, given by Maginnis to Reynolds, during the continuance of the special partnership, was such an alteration of the capital, or shares of the partnership, or in any other matter specified in the original certificate, as would dissolve the special partnership, and render the special partner liable as general partner, under the provisions of the statute.

Section 12 of the act above referred to (2 *R. S.* 50, *3d ed.*) is in these words: " Every alteration which shall be made in the names of the partners, in the nature of the business, or in the capital or shares thereof, or in any other matter specified in the original certificate, shall be deemed a dissolution of the partnership; and every such partnership, which shall in any manner be carried on, after any such alteration shall have been made, shall be deemed a general partnership, unless renewed as a special partnership, according to the provisions of the last section."

The case then presented is this, that during the continuance of the special partnership, the special partner sells out his interest in the concern to the general partner, for a sum exceeding the amount of the capital he has placed in the business, and for the price of his interest so sold receives a security, pledging to him all the personal property of the partnership. This, in effect, amounts to a withdrawal, by him, of the capital he originally contributed to the partnership. He has secured to him that which, by the terms of the certificate of copartnership, he has contributed in cash, and without security, to be employed in the business, and to stand as indemnity to those who should

deal with the partnership; and the transaction is, in effect, an alteration of the capital of the partnership. The consequence prescribed by the statute ensues ; that if the business is carried on he is thereafter liable as general partner.

In this view of the case, the charge of the judge, upon the trial, was correct ; the question of the intent with which the mortgage was given, not arising, as would be the case under the 20th, 21st and 22d sections of the statute.

The only remaining question is, whether the judge erred in directing the jury to allow interest on the amount of the bill, from the time it was presented to Maginnis—it never having been presented to Reynolds—it being contended that after the dissolution of the partnership the act of one partner can not bind the other.

The account was proved in the case, independent of any evidence to be derived from the fact that it was presented to one of the partners, and not objected to.

In *Walden* v. *Sherburne,* (15 *John.* 424,) an account due by a partnership was rendered to one of the partners after the dissolution of the partnership, and admitted to be correct ; the items of the account were proved to be correct by other evidence in the case. The supreme court say, that "one partner can not, after a dissolution, bind his copartner by acknowledging an account, any more than he can give a promissory note to bind him." But they further held, " that after an account has been liquidated, it carries interest, and that an account is to be considered liquidated after it has been rendered, if objections are not made to it ;" and that in that case, " the account was rendered to one of the defendants on the 15th of September, 1808, and not objected to :" and that from that time, the plaintiffs were entitled to interest. In that case it also appeared that the account had not been presented to the other defendant until long subsequent to the time from which interest was allowed.

Upon the authority of this case the judge was correct in his charge respecting the interest—and as even after dissolution, unless by special agreement between themselves, each partner has the right in winding up the partnership to pay partnership

debts, it would seem sufficient to present an account the items of which are in fact correct, to either partner, so as to charge both, in case of non-payment, with interest from that time as upon a liquidated account.

The omission, by either partner, to pay a debt justly due by the partnership, is an omission for which it would seem, even after dissolution of the partnership, the other partner continues liable; for if, without the usual restriction upon a dissolution, that one or more specified members of the firm shall wind up the concerns of the partnership, the delegated power to apply partnership property to pay partnership debts, continues, the responsibility of the constituent, for the acts of the agent, must still continue, and this latter's breach of duty renders the former liable.

The other questions arising upon the trial were not urged on the argument of the bill of exceptions.

The motion for a new trial should be denied, and judgment given for the plaintiff.

[NEW-YORK GENERAL TERM; December 1, 1851. *Edmonds; Mitchell* and *King*, Justices.]